UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHEVRON MINING INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SKANSKA USA CIVIL WEST ROCKY MOUNTAIN DISTRICT, INC., <br><br> Defendant. | Case No. 19-cv-04144-LB <br><br> **ORDER DIRECTING PRODUCTION OF SKANSKA/TETRA TECH ARBITRATION RECORDS** <br><br> Re: ECF No. 34 |

The court assumes the reader's familiarity with the subject matter and procedural history of this case. Briefly stated, the plaintiffs (collectively, "Chevron") sought expedited discovery and an order directing defendant Skanska USA Civil West Rocky Mountain District, Inc. to produce transcripts of deposition and hearing testimony in connection with an arbitration between Skanska and Tetra Tech EC, Inc., as well as any related settlement (the transcripts and settlement collectively, the "Arbitration Materials").[1] The court ordered that Chevron could take expedited discovery of Skanska.[2] Skanska has not produced the Arbitration Materials. Skanska acknowledges that it is capable of producing the Arbitration Materials electronically with little

---

[1] Pls. Mot. for Prelim. Injunction or Expedited Discovery – ECF No. 7 at 5. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 32.

ORDER – No. 19-cv-04144-LB

effort.[3] The only burden it claims is that Tetra Tech may sue it if it produces the Arbitration Materials without a court order directing it to do so.[4] Skanska and Tetra Tech take the position that the court's prior order permitted Chevron only to take discovery but did not order Skanska to actually produce the Arbitration Materials, or at least did not order Skanska to produce the Arbitration Materials outside the procedures set forth in Federal Rule of Civil Procedure 34.[5]

The court hereby orders Skanska to produce the Arbitration Materials. Specifically, pursuant to Rule 34(b)(2), and for good cause shown (as discussed in the court's prior order), the court shortens the time for Skanska to respond to Chevron's request and orders Skanska to produce the Arbitration Materials by September 13, 2019 at noon. *Cf. BF&W Assocs. v. Motorola, Inc.*, No. C5-02381 JF HRL, 2006 WL 8442394 (N.D. Cal. Aug. 28, 2006) (court shortening discovery-response deadline under Rule 34(b)(2) to avoid "a procedural 'gotcha' that elevates form over substance and deprives plaintiff of relevant discovery").[6]

**IT IS SO ORDERED.**

Dated: September 11, 2019

LAUREL BEELER
United States Magistrate Judge

---

[3] *Id*. at 10.

[4] Def. Opp'n to Pl. Mot. to Set Compliance Deadline – ECF No. 35 at 2–3.

[5] *Id*. Skanska maintains that Chevron has not issued a formal document request on Skanska pursuant to Rule 34. *Id.* at 2. The court is not in a position to evaluate this claim or the full history of precisely what form Chevron's requests to Skanska have taken to date. This issue would appear to be easily mooted: to the extent that Chevron has not issued a formal document request pursuant to Rule 34, it can do so now and moot the issue.

[6] In addition to the Arbitration Materials (i.e., transcripts and the settlement), the parties raise a dispute regarding expert reports from the Skanska/Tetra Tech arbitration. Chevron did not include expert reports within the definition of "Arbitration Materials" that it sought for immediate production. *See* Pls. Mot. for Prelim. Injunction or Expedited Discovery – ECF No. 7 at 5, 23. The court declines to shorten the deadline for production of arbitration expert reports, without prejudice to Chevron's requesting those reports through the standard procedures set out in Rule 34.