UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHEVRON MINING INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SKANSKA USA CIVIL WEST ROCKY MOUNTAIN DISTRICT, INC.,<br><br>Defendant. | Case No. 19-cv-04144-LB<br><br>**ORDER DENYING TETRA TECH'S EMERGENCY MOTION TO STAY ENFORCEMENT OF ORDER DIRECTING PRODUCTION OF SKANSKA/TETRA TECH ARBITRATION RECORDS**<br><br>Re: ECF No. 39 |

The court assumes the reader's familiarity with the subject matter and procedural history of this case. Briefly stated, the plaintiffs (collectively, "Chevron") sought expedited discovery and an order directing defendant Skanska USA Civil West Rocky Mountain District, Inc. to produce transcripts of deposition and hearing testimony in connection with an arbitration between Skanska and Tetra Tech EC, Inc., as well as any related settlement (the transcripts and settlement collectively, the "Arbitration Materials").[1] The court ordered that Chevron could take expedited discovery and ordered Skanska to produce the Arbitration Materials by September 13, 2019 at

---

[1] Pls. Mot. for Prelim. Injunction or Expedited Discovery – ECF No. 7 at 5. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-04144-LB

noon.² Tetra Tech now moves for a stay to the order directing Skanska to produce the Arbitration Records.³ That motion is denied for the reasons below.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder,* 556 U.S. 418, 433 (2009). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* In determining whether to issue a stay pending an interlocutory appeal, courts must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34. "The first two factors . . . are the most critical," and the last two steps are reached "[o]nce an applicant satisfies the first two factors." *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (citing *Nken*, 556 U.S. at 434–35).

First, Tetra Tech has not made a strong showing that it is likely to succeed on the merits. Tetra Tech argues that it entered into a confidentiality clause with Skanska to keep the settlement confidential from Chevron. But the fact that Tetra Tech and Skanska might have decided amongst themselves to enter into a confidentiality agreement does not bar the settlement from being discoverable under the Federal Rules of Civil Procedure in a litigation where Skanska is a defendant. *Cf. Valley Surgical Ctr. LLC v. Cty. of Los Angeles*, No. CV 13-02265 DDP (AGRx), 2018 WL 2189458, at *4 (C.D. Cal. May 11, 2018) ("[C]onfidentiality agreements do not bar discovery, and a general interest in protecting confidentiality does not equate to privilege.") (citing cases).⁴ As the court previously held, the Arbitration Materials are relevant to Chevron's claims in

---

² Order – ECF No. 32; Order – ECF No. 38.

³ Tetra Tech Mot. to Stay – ECF No. 39.

⁴ Tetra Tech's and Skanska's agreement itself contemplates that the parties might have to produce the agreement notwithstanding the confidentiality provision. *See* Tetra Tech/Skanska Settlement Agreement (redacted) – ECF No. 39-1 at 7 ("The Parties shall keep confidential, *unless ordered to*

this suit and are discoverable, and Tetra Tech has not made a strong showing that it is likely to succeed either on the merits of its intervention motion or, even if it were to intervene, on the merits of its attempts to block discovery of the Arbitration Materials. This factor weighs in favor of denying the stay.

Second, Tetra Tech has not shown it will be irreparably harmed by the production of the Arbitration Materials. Beyond stating as a conclusion that production of the Arbitration Materials will irreparably injure its interests in the underlying arbitration, Tetra Tech has not demonstrated how it will suffer irreparable injury. Tetra Tech argues that "the information contained in the requested documents will provide Chevron with litigation strategy,"[5] but it does not explain how it will suffer irreparable injury, particularly given that the arbitration panel in the Chevron/Tetra Tech arbitration envisioned that Chevron might be able to obtain the Arbitration Materials through civil discovery.[6] This factor weighs in favor of denying the stay.

Accordingly, the court denies Tetra Tech's motion for a stay.[7]

**IT IS SO ORDERED.**

Dated: September 13, 2019

LAUREL BEELER
United States Magistrate Judge

---

*produce*, testimony, transcripts, exhibits, or other documents arising from the Arbitration, including the Award ('Confidential Information').") (emphasis added).

[5] *Id*. at 5.

[6] Arbitration Panel Order on Mots. to Compel – ECF No. 20-1 at 69 ("As a threshold issue, the Panel does not see this clause between Tetra Tech and Skanska being a bar to civil discovery of those materials in a civil action. Further, this clause would not necessarily result in the Skanska arbitration proceeding being 'confidential' as to Chevron . . . .").

[7] Because Tetra Tech has not satisfied the first two stay factors, it is not necessary to address the remaining factors. *Cf. In re Pac. Fertility Ctr. Litig.*, No. 18-cv-01586-JSC, 2019 WL 2635539, at *5 (N.D. Cal. June 27, 2019) ("The first two factors in the traditional stay test are the most important. Indeed, a court need not consider the remaining factors unless it concludes that the moving party has made an adequate showing on the first two.") (citing *Nken*, 556 U.S. at 435; *Mount Graham Coalition v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996)).